UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

E.V. Drake,

    Plaintiff,

v.

TRAVELERS COMMERCIAL INSURANCE
CO., et al.,

    Defendants.
_____/

Civil Case No. 20-11551
Honorable Linda V. Parker

## **OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**

On May 30, 2020, Plaintiff initiated this lawsuit against Defendants. (ECF No. 1.) This Court *sua sponte* dismissed Plaintiff's Complaint on July 22, 2020. (ECF No. 4.) In its decision, the Court reiterated the earlier conclusion of several other federal courts that Plaintiff's claims against the named judges and their spouses fail as a matter of law. (*Id.* at Pg ID 91-92.) This Court further held that the Eastern District of Michigan is not a proper venue for Plaintiff to challenge events against non-resident Defendants where the events occurred only in Texas. (*Id.* at Pg ID 92.) Plaintiff has filed a motion for reconsideration in which he asserts that the Court erred in its determination that judges are not subject to suit due to judicial immunity. (ECF No. 5.) Plaintiff also argues that the Court failed

to consider his letter, attached to his Complaint, explaining why he should be allowed to assert his claims here.  (*Id.*)

Eastern District of Michigan Local Rule 7.1(h) provides that a motion for reconsideration only should be granted if the movant demonstrates that the Court and the parties have been misled by a palpable defect and that a different disposition of the case must result from a correction of such a palpable defect. E.D. Mich. LR 7.1(h)(3).  Plaintiff fails to demonstrate that the Court committed a palpable defect in its decision to dismiss his Complaint.  Despite Plaintiff's contentions to the contrary: (i) judges are entitled to judicial immunity when acting in their judicial capacity, *see, e.g., Mireles v. Waco*, 502 U.S. 9, 9-10 (1991); (ii) their spouses cannot be sued where no allegations reflect their personal engagement in conduct that violated Plaintiff's constitutional rights, *Gibson v. Matthews*, 926 F.2d 532, 535 (6th Cir. 1991); and, (iii) Plaintiff's belief that this is a proper venue to assert his claims cannot override federal law saying otherwise, 28 U.S.C. § 1391(b).

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for reconsideration is **DENIED**.

**IT IS SO ORDERED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: December 10, 2020

2

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, December 10, 2020, by electronic and/or U.S. First Class mail.

s/ R. Loury
Case Manager
